MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ 08625-0093
Attorney for Plaintiffs

Matthew D. Knoblauch
Deputy Attorney General
NJ Attorney ID# 201692016
(609) 376-2745

Andrew Verdone
Deputy Attorney General
NJ Attorney ID# 306352019

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    )
NEW JERSEY DEPARTMENT OF            )
ENVIRONMENTAL PROTECTION,           )
and THE ADMINSTRATOR OF             )
THE NEW JERSEY SPILL COMPENSATION   )
FUND,                               )
                                    )
Plaintiffs,                         )
                                    )
v.                                  )   Civil Action No.
                                    )
WYETH HOLDINGS, LLC,                )
                                    )
Defendant.                          )
_____)

COMPLAINT

1.  The New Jersey Department of Environmental Protection ("DEP") and the Administrator of the New Jersey Spill Compensation Fund (collectively, "Plaintiffs"), having its principal offices at

401 East State Street in the City of Trenton, County of Mercer, State of New Jersey, by way of Complaint against the above-named defendant ("Defendant") says:

## NATURE OF THE CASE

2. This is a civil action for natural resource damages brought under Sections 107(a) and (f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) and (f)(1), for damages for injury to, destruction of, or loss of natural resources, as specifically identified herein, including the reasonable costs of assessing such injury, destruction or loss, resulting from the release of hazardous substances at or from the American Cyanamid Superfund Site (the "Site") in Bridgewater Township, Somerset County, New Jersey.

3. Plaintiffs also brings this civil action pursuant to the Spill Compensation and Control Act ("Spill Act"), N.J.S.A. 58:10-23.11 through -23.24, for reimbursement of the costs and damages it has incurred, and will incur, as a result of the discharge of hazardous substances at the Site, including for injury to, destruction of, or loss of natural resources in connection with the Site.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345

and Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b). This Court has in personam jurisdiction over the Defendant.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## PARTIES

6.  The DEP is a principal department within the Executive Branch of State government, vested with the authority to conserve and protect natural resources, protect the environment, and protect the public health and safety. N.J.S.A. 13:1D-9.

7.  The DEP is the trustee, for the benefit of its citizens, of all natural resources within its jurisdiction, and the Plaintiff is vested with the authority to protect this public trust, and to seek compensation for any injury to the natural resources of the State. N.J.S.A. 58:10-23.11a.

8.  Plaintiffs are authorized to assess damages for the injury to, destruction of, or loss of any natural resource in the State, pursuant to 42 U.S.C. § 9607(f)(2)(B), and to seek recovery of those damages, including lost value and reasonable assessment costs, pursuant to 42 U.S.C. § 9607(a)(1)-(4)(C).

9. Defendant Wyeth Holdings, LLC is a Maine company with a principal place of business in New York, and is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

GENERAL ALLEGATIONS

10. The Site encompasses approximately 435 acres located primarily in Bridgewater Township with a portion of the Site in Bound Brook Borough, Somerset County, New Jersey, and further includes the nearby Raritan River, Cuckels Brook (formerly referred to as "Cuckhold's Brook"), and related tributaries, and wherever else hazardous substances and releases at or from the Site have come to be located.

11. The Site was used for chemical and/or pharmaceutical manufacturing operations from 1915 to 1999.

12. In December 1994, American Home Products Corporation purchased the American Cyanamid Company, which owned the Site since 1929.

13. In March 2002, American Home Products Corporation changed its name to Wyeth Corporation, which in October 2009 was purchased by Pfizer Inc. and became a wholly owned subsidiary of Pfizer, Inc. In October 2013, Wyeth Holdings Corporation changed its name to Wyeth Holdings LLC; however, it remained a wholly owned subsidiary of Pfizer, Inc.

14. During the time the Site was used for chemical and pharmaceutical manufacturing operations, numerous organic and inorganic chemical raw materials were used.

15. As part of the operations during manufacturing activities, waste was placed in at least 27 large pond-like storage and disposal areas at the Site, referred to as "impoundments."

16. Impoundments 3, 4, and 5 were used for disposal of process waste from manufacturing and industrial operations and contain or contained elevated levels of volatile organic compounds ("VOCs"), semi-volatile organic compounds ("SVOCs"), and/or metals.

17. Impoundments 13, 17, and 24 were used for disposal of wastewater sludge and contain elevated levels of VOCs, SVOCs, and/or metals.

18. Impoundments 15 and 16 were used for the disposal of iron oxide waste.

19. As a result of the chemical waste associated with the Site, groundwater underlying the Site as well as soil, surface waters, and sediments at the Site and in the surrounding vicinity became contaminated with VOCs, SVOCs, and metals.

20. The Site was placed on the National Priorities List ("NPL") on September 8, 1983. The NPL is a national list of hazardous waste sites posing the greatest threat to health,

welfare, and the environment, and was established pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

21. In 2005, a Baseline Ecological Risk Assessment for the Site evaluated the ecological exposure to and risk of ecological effects from Site-related contaminants.

22. Based on the 2005 Baseline Ecological Risk Assessment, Site-related contaminants of concern (COCs) have contributed to the general degradation of the wetland habitats at the Site as well as the floodplain and riparian habitats associated with the Cuckels Brook and Raritan River.

23. Impacts from Site-related COCs, primarily metals and SVOCs such as polycyclic aromatic hydrocarbons, and polychlorinated biphenyls, have caused injury to 99 acres of floodplain, riparian, and wetland habitats at the Site.

24. Releases of hazardous substances at or from the Site have caused injury to floodplains, riparian areas, and wetlands adjacent to the Site and the biota supported by these habitats, including macroinvertebrates, amphibians, reptiles, birds, and mammals.

25. The Department and the federal trustees have conducted a natural resource injury assessment through Habitat Equivalency Analyses relating to natural resource damages that identifies the required scope and type of restoration activities needed to compensate the public for natural resource injuries associated

with floodplain, riparian, and wetland habitats that occurred resulting from releases of hazardous substances from the Site.

## CLAIM FOR RELIEF

26. The allegations in Paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27. At all times relevant to this action, "natural resources" within the meaning of N.J.S.A. 58:10-23.11b have been and/or are being injured, destroyed, or lost as a result of the "discharge" of "hazardous substances" at or from the Site, within the meaning of N.J.S.A. 58:10-23.11b.

28. DEP is authorized, pursuant to the Spill Act, to assess damages for the injury to, destruction of, or loss of any natural resources under its trusteeship and, pursuant to N.J.S.A. 58:10-23.11f(a)(2)(b), seek recovery of those damages, including lost value and reasonable assessment costs.

29. DEP has incurred, and will continue to incur, damages for the injury to, destruction of, or loss of any natural resources under its trusteeship resulting from the release, or threatened release, of hazardous substances at the Site.

30. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part as follows:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section-
>
> (1)  the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal or any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

\* \* \*

from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for,
\* \* \*
(C) damages for injury to, destruction of, or loss of natural resources including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

31. There have been releases or threatened releases of hazardous substances into the environment at or from the Site, within the meaning of Sections 101(14), 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a).

32. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

33. Defendant is an "owner" and "operator" of a facility within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

34. The release of hazardous substances into the environment at or from the Site has resulted in injury to, destruction of, or loss of natural resources as aforesaid within the trusteeship of the State of New Jersey.

35. The State of New Jersey has incurred and continue to incur costs related to the assessment of hazardous substances from the Site.

36. Defendant is liable to the State of New Jersey for natural resource damages resulting from releases of hazardous substances at or from the Site pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C) and Section 23.11a of the Spill Act.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully request that the Court:

1. Award Plaintiffs a judgment against Defendant for all damages for injury to, destruction of, or loss of natural resources, as specifically identified above, and all reasonable costs of assessing such injury, destruction, or loss, resulting from the release of hazardous substances at or from the Site;

2. Award Plaintiffs a judgment against Defendant, for all costs of this action, including attorney's fees; and

3. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Attorney for Plaintiffs New Jersey
Department of Environmental Protection and
Administrator of the New Jersey Spill
Compensation Fund


By: /S/ Matthew D. Knoblauch
Matthew D. Knoblauch
Deputy Attorney General